IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:21-cv-00615 |
| | § | |
| AMERISURVEYORS, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, James Boyd ("Boyd" or "Plaintiff"), files this Complaint against AmeriSurveyors, LLC ("Defendant"), showing in support as follows:

### I. NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's retaliatory termination of Plaintiff's employment.

2. Plaintiff seeks all damages available under the FLSA, including actual damages, front pay, back wages, reinstatement, liquidated damages, legal fees, costs, exemplary/punitive damages in order to punish and deter the retaliatory conduct of Defendant, and pre- & post-judgment interest.

### II. THE PARTIES

**A.  Plaintiff James Boyd**

3. Plaintiff is an individual residing in San Antonio, Texas. Plaintiff has standing to file this lawsuit.

4. Plaintiff began working for Defendant on or about April of 2016. Plaintiff is a former employee. Plaintiff was terminated in retaliation for complaining about unpaid overtime issues on or about April 2021.

**B.     Defendant AmeriSurveyors, LLC**

5. Defendant is a limited liability company organized under the laws of the State of Texas.

6. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

7. Defendant's principal place of business/headquarters is on 1100 NW Loop 410, Suite 546, San Antonio, Texas 78213.

8. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

9. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

10. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

11. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

12. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment, and supplies/materials used in connection with surveying operations.

13. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

14. Defendant may be served with summons through its registered agent Regina S. Pino, 20079 Stone Oak Parkway, Ste. 1230, San Antonio, Texas 78258.

### III.  JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

16. The United States District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, is headquartered in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

17. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division, and pursuant to 28 U.S.C. § 1391(c)(2) because Defendant maintains its principal place of business in this District and in this Division.

### IV.  FACTUAL BACKGROUND

18. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

19. Defendant is a full-service, professional land surveying firm, headquartered in San Antonio, and in operation for approximately 40 years.[1]

---

[1] https://www.amerisurveyors.com/HomePage.html

20. Defendant provides boundary surveys, topographic surveys, elevations, title surveys and ALTA/ACSM surveys, employing land surveyors and field crews to handle its customers' projects.[2]

21. Plaintiff was employed by Defendant as a Director of Operations. His primary job duties include sales, market analysis, budget review, vendor management, real estate lease review and recommendations, reviewing insurance policies, creating short term and long term business plans, assisting with price structures, resolving customer issues, and reviewing capital purchases. Plaintiff was not a Human Resources employee.

22. Plaintiff was paid a salary.

23. At all material times, Defendant employed surveyors who performed the primary services offered by Defendant to its customers. Surveyors were paid on a piece-rate basis. Defendant did not pay its surveyors time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

24. Plaintiff learned that Defendant did not track the hours worked by its surveyors, as is required under the FLSA.

25. Plaintiff further learned that Defendant knew its pay practice of not paying its surveyors additional time-and-a-half pay when they worked overtime violated the FLSA.

26. Finally, Plaintiff learned that rather than correct its illegal pay practice, Defendant chose to limit its damages exposure among the surveyors by rolling out arbitration agreements.

27. Soon after learning of Defendant's illegal pay practice, Plaintiff made numerous requests to Defendant to pay its surveyors according to the FLSA. Plaintiff made numerous calls, had in-person discussions with Defendant, exchanged text messages and emails with Defendant

---

[2] *Id*.

requesting that it pay its surveyors in compliance with the law. Plaintiff knew his requests on behalf of the surveyors were adverse to Defendant's intentions. In short, Defendant had no desire to compensate its surveyors in compliance with the FLSA.

28. Indeed, on or about the week of March 22, 2021 (one week after Plaintiff emailed Defendant regarding time keeping/pay issues concerning surveyors), Defendant texted Plaintiff requesting that he attend a meeting with the owner of the Company on Friday, March 26, 2021. At this meeting Plaintiff was notified that his employment was being terminated. No reason was given to Plaintiff for his termination.

29. Plaintiff was terminated by Defendant in retaliation for raising unpaid overtime issues on behalf of surveyors. Defendant's actions violate the FLSA.

## V. Cause of Action: Retaliation under the Fair Labor Standards Act

30. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31. As set forth above, Defendant's termination of Plaintiff was because of his complaints and protest about Defendant's wage and hour violations.

32. Plaintiff's actions and complaints about unpaid overtime constitute protected activity within the meaning of 29 U.S.C. §215(a)(3).

33. Defendant's retaliatory termination of Plaintiff's employment violates 29 U.S.C. §215(a)(3).

## VI. JURY DEMAND

34. Plaintiff demands a jury trial.

## VII.   DAMAGES AND PRAYER

35.   Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant or order(s) from the Court for the following:

  a. Actual damages including back pay, reinstatement, prejudgment interest, front pay, and/or all other relief necessary to make Plaintiff whole;

  b. An award of exemplary/punitive damages in order to punish and deter the retaliatory conduct of Defendant herein;

  c. Liquidated damages in an amount equal to FLSA-mandated back wages;

  d. Legal fees;

  e. Costs;

  f. Pre- and Post-judgment interest;

  g. All other relief to which Plaintiff may be justly entitled in law or in equity.

Dated: June 29, 2021                    Respectfully submitted,

                                                                               McLaurin Law, PLLC

                                                                               */s/ Pamela Okafor*
                                                                               Pamela Okafor
                                                                               pamela@mdlawtex.com
                                                                               State Bar No. 24104059
                                                                               Jason C. McLaurin
                                                                               jmclaurin@mdlawtex.com
                                                                               State Bar No. 24060268
                                                                               4544 Post Oak Place Drive, Suite 350
                                                                               Houston, Texas 77027
                                                                               713.461.6500
                                                                               832.501.9978 fax

                                                                               **Attorneys for Plaintiff**